OPINION
Appellant Scott Covill appeals the decision of the Stark County Court of Common Pleas that found him to be a sexual predator pursuant to R.C. Chapter 2950. The following facts give rise to this appeal.
In 1994, the Stark County Grand Jury indicted appellant on four counts of rape, one count of sexual battery and one count of gross sexual imposition. The charges were the result of appellant sexually abusing his thirteen-year-old, biological daughter. The incident occurred during the early morning hours of July 7, 1994, when appellant told his daughter that he wanted to talk to her about sex and that he wanted to have sex with her. After making these statements and despite his daughter's pleas, appellant forced his daughter to perform fellatio on him and appellant performed cunnilingus on her. Appellant also forced his daughter to have both vaginal and anal intercourse.
Following his indictment, appellant entered a plea of not guilty to the charges. However, appellant subsequently withdrew his not guilty plea and entered a guilty plea to the charges contained in the indictment. The trial court sentenced appellant to an indeterminate term of incarceration of ten to twenty-five years on each rape charge, a determinate two-year term on the sexual battery charge and an eighteen-month term on the gross sexual imposition charge. The trial court imposed these sentences concurrently with each other.
On December 22, 2000, the trial court conducted a sexual predator classification hearing pursuant to R.C. 2950.09. At the hearing, the state introduced into evidence the indictment, bill of particulars, change of plea and sentence, the victim's medical record from Akron Children's Hospital, and a transcript of appellant's taped statement. During the hearing, appellant asked for a psychological evaluation as to his likelihood to re-offend. Following the hearing, on February 2, 2001, the trial court found, by clear and convincing evidence, that appellant is a sexual predator.
Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO
GROUNDS.
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 IV. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 V. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR THE APPOINTMENT OF AN EXPERT WITNESS.
 I, II, III
We will address appellant's First, Second and Third Assignments of Error simultaneously as all three challenge the validity of the H.B. 180 proceedings as unconstitutional on ex post facto grounds, double jeopardy grounds and on the basis that the statute is unconstitutionally vague.
We have reviewed the record in this matter and find that appellant did not raise these arguments, at the trial court level, by filing a motion prior to the scheduled hearing or by presenting these arguments at the hearing. The law is well settled that a failure to raise constitutional issues, at the trial court level, results in a waiver of those issues on appeal. See, State v. Zuern (1987), 32 Ohio St.3d 56, 63; State v. Awan
(1986), 22 Ohio St.3d 120, paragraph one of the syllabus. Thus, we will not consider appellant's First, Second and Third Assignments of Error.
Appellant's First, Second and Third Assignments of Error are overruled.
 IV
In his Fourth Assignment of Error, appellant challenges the trial court's finding that he is a sexual predator on the basis that the record does not contain clear and convincing evidence to support such a finding. We disagree.
In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review appellant's Fourth Assignment of Error under the standard of review contained in C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279. Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. Id. at syllabus.
R.C. 2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In classifying appellant a sexual predator, the trial court considered the above factors and made the following conclusions on the record. First, the trial court noted appellant's age and the victim's age at the time of the offense. Appellant was thirty years old and the victim was thirteen. Tr. Dec. 22, 2000, at 19. Appellant committed multiple offenses against the victim over a short duration of time. Id. Appellant also used force to hold down the victim. Id. The trial court found no evidence of mental illness or mental disability. Id. Appellant displayed cruelty in making threats toward the victim and the nature of the sexual conduct indicates it was an "absolutely heinous crime." Id. at 20. The trial court also noted that appellant is currently enrolled in a sex offender program but has not yet completed it. Id. at 21. Further, the trial court noted that appellant is the victim's natural father and that it was clear from appellant's statement that he knew what he was doing, knew that he had crossed the line, but continued to violate his daughter. Id. at 20, 21.
We find the evidence presented to the trial court supports the finding that appellant is a sexual predator and is likely to engage in the future in one or more sexually oriented offenses. The trial court's decision is not against the manifest weight of the evidence.
Appellant's Fourth Assignment of Error is overruled.
 V
Appellant contends, in his Fifth Assignment of Error, that the trial court erred when it denied his request for the appointment of an expert witness. We disagree.
In support of this assignment of error, appellant cites to the recent Ohio Supreme Court case, State v. Eppinger (2001), 91 Ohio St.3d 158. InEppinger, the Court addressed the need for the appointment of an expert witness in a sexual offender classification hearing. The Court held as follows:
 An expert witness shall be provided to an indigent defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E). Id. at syllabus.
Appellant, at the sexual offender classification hearing, orally made a motion for appointment of an expert. Tr., Dec. 22, 2000, at 11-12. The trial court denied appellant's request. Appellant now maintains that theEppinger decision[1] required the appointment of an expert to aid in his defense at the classification hearing and that the trial court erred when it denied his request.
The decision whether or not to appoint an expert is within the discretion of the trial court. Therefore, we will not reverse the trial court's decision absent an abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. We find the Eppinger case factually distinguishable from the case subjudice and therefore, the trial court did not abuse its discretion when it denied appellant's request for appointment of an expert.
The sexual attack, in Eppinger, involved three rapes, a kidnaping and the felonious assault of a nineteen-year-old girl over a four-hour period of time. Eppinger, supra, at 159. The Ohio Supreme Court found that the trial court abused its discretion when it denied the defendant's request for appointment of an expert because the defendant had been "* * * convicted of only one sexually oriented offense, * * * " and there was an absence of "* * * a history of similar offenses or other indicators."Id. at 163. One of the "other indicators" was whether the victim was a child. The Court noted that "[o]ne sexually oriented offense is not a clear predictor of whether that person is likely to engage in the future in one or more sexually oriented offenses, particularly if the offender is not a pedophile." Id. at 162. The victim in the case sub judice was not a nineteen-year-old stranger, as in Eppinger, but rather appellant's own biological daughter. We find the fact that pedophiles tend to have a high rate of recidivism removes this case from the scenario presented inEppinger. Accordingly, the trial court did not abuse its discretion when it denied appellant's request for appointment of counsel.
Appellant's Fifth Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: WISE, J., EDWARDS, P. J., and BOGGINS, J., concur.
[1] The Ohio Supreme Court did not issue its decision in the Eppinger
case until after appellant's sexual offender classification hearing.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Pursuant to App.R. 24(A)(2), appellant shall pay costs in this matter.